UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, | \* |
| United States Department of Labor, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| CARECO SHORELINE, INC. dba CARECO | \* |
| and HELGA PFANNER, Individually, | \* |
| | \* |
| Defendants. | \* |

CIVIL ACTION NO.
3:21-cv-00401-VAB

Injunctive Relief Sought

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

1.     Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action against Defendants CareCo Shoreline, Inc. dba CareCo ("CareCo") and Helga Pfanner (collectively, "Defendants") because they failed to pay their employees for all overtime hours worked and did not adequately and accurately record all hours their employees worked in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA").

2.     The Secretary seeks to enjoin Defendants from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover the back wages that Defendants failed to pay to their employees, as well as liquidated damages, pursuant to Sections 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 216(c), and 217.

3.     This Complaint covers the time period of March 24, 2018 through at least May 30, 2019.

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in the United States District Court for the District of Connecticut because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## THE PARTIES

### *Plaintiff the Secretary of Labor*

6.      The Secretary is vested with the authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

### *Defendant CareCo*

7.      CareCo has been a corporation having an office and place of business in Waterford, Connecticut, within the jurisdiction of this Court.

8.      CareCo has been engaged at that place of business in Waterford, Connecticut and elsewhere in providing non-medical domestic caregiving services to the elderly in their homes. Such services include the provision of live-in employees who stay overnight at clients' homes and provide supervision, care, and companionship to clients.

9.      CareCo employed the 145 live-in employees listed in Exhibit A, which is attached hereto.

### *Defendant Pfanner*

10.      Pfanner has been transacting substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court, and has been the sole owner, operator, and Chief Executive Officer of CareCo.

2

11.     Pfanner has had authority and control over CareCo's day-to-day operations.

12.     Pfanner has been responsible for hiring and firing CareCo's employees.

13.     Pfanner has made decisions regarding CareCo's payroll practices.

14.     Pfanner has acted directly and indirectly in the interest of CareCo in relation to its employees, and therefore has been an employer of said employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE**

15.     At all times covered by this Complaint, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they have been engaged in related activities performed through unified operation or common control for a common business purpose.

16.     At all times covered by this Complaint, Defendants employed employees in the activities of said enterprise, which has been engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as business checks and envelopes.

17.     Congress has found that the employment of persons in domestic service in households affects commerce. See 29 U.S.C. § 202(a).

18.     Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) from 2016 through 2017, and based on existing information, that enterprise's annual gross volume of sales made or business done likely exceeded $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) from 2018 through at least 2019.

3

19.     At all times covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### DEFENDANTS' UNLAWFUL WAGE AND HOUR PRACTICES

*Defendants Failed to Pay Live-in Employees for All Overtime Hours Worked*

20.     From March 24, 2018 through at least May 30, 2019, Defendants did not pay approximately 145 live-in employees for all overtime hours worked.

21.     Specifically, Defendants paid those employees at rates less than one and one-half times the regular rates at which those employees were employed for overtime hours worked.

22.     Defendants paid certain live-in employees for fewer overtime hours than they actually worked as recorded in the employees' login/logout records.  For example:

      a.     For the workweek ending May 18, 2019, one employee worked seventy-four hours according to login/logout records, but Defendants only paid the employee for sixty-two hours;

      b.     For the workweek ending February 16, 2019, one employee worked sixty-six hours according to login/logout records, but Defendants only paid the employee for sixty hours; and

      c.     For the workweek ending January 5, 2019, one employee worked sixty-six hours according to login/logout records, but Defendants only paid the employee for fifty-five hours.

23.     CareCo also imposed a cap on the hours for which Defendants would pay certain live-in employees, even though the employees actually worked longer hours.

24.     CareCo further instructed certain live-in employees to record only their scheduled hours in the employees' login/logout records, rather than the hours they actually worked.

*Defendants' Overtime Violations Were Willful*

25.     Defendants knew of their obligation to pay the overtime premium required by the FLSA to their live-in employees, including because:

    a.     Defendants paid certain overtime premiums to certain employees, and

    b.     Defendants had been previously investigated by the Secretary with respect to overtime violations under the FLSA.

26.     Despite Defendants' knowledge of the overtime premium requirement of the FLSA, and as set forth above, CareCo told employees to log only their scheduled hours (rather than their actual hours worked) and capped the hours for which Defendants paid employees even though the employees worked longer hours.

*Defendants Failed to Maintain Records Required by the FLSA*

27.     Defendants did not make, keep, and preserve adequate and accurate records as required by the FLSA.

28.     Specifically, Defendants' records failed to show adequately and accurately, among other things, the hours each employee worked each workday.

**COUNT ONE**

*Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Live-in Employees for All Overtime Hours Worked*

29.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

30.     From March 24, 2018 through at least May 30, 2019, Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2),

5

by not paying the live-in employees listed in Exhibit A for all overtime hours worked.  Defendants employed employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

31.     Therefore, Defendants are liable for overtime compensation owed to the live-in employees listed in the attached Exhibit A, and an equal amount of liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

*Violations of Sections 11 & 15(a)(5) of the FLSA—Failure to Make & Keep Records*

32.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

33.     Defendants failed to keep true and accurate records of the hours that each of their employees worked in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA as alleged.  WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.     For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5);

2.      For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due.  Additional amounts of back wages and liquidated damages may be owed to certain employees listed in Exhibit A for violations continuing after May 30, 2019, and may be owed to certain employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A.

3.      For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of overtime compensation found due to Defendants' employees;

4.      In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.      Awarding the Secretary the costs of this action; and

6.      Granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Elena S. Goldstein
Deputy Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Wage and Hour Counsel
pedulla.mark.a@dol.gov
MA BBO No. 685925

United States Department of Labor
Attorneys for Plaintiff

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203

Telephone: (617) 565-2500
Facsimile: (617) 565-2142

Date: April 29, 2021

## CERTIFICATE OF SERVICE

I hereby certify this document, filed through the ECF system on April 29, 2021, shall be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and will be served via email on the following counsel for Defendants:

> Michael Harrington
> FordHarrison LLP
> CityPlace II, 185 Asylum St., Suite 610
> Hartford, CT 06103
> MHarrington@fordharrison.com

> /s/ Mark A. Pedulla
> Mark A. Pedulla
> Wage and Hour Counsel
> pedulla.mark.a@dol.gov
> MA BBO No. 685925